**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4361**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN DUANE WILLIAMS, a/k/a Lucci,

Defendant - Appellant.

**No. 18-4380**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS RAY DAVIS, JR., a/k/a Dee,

Defendant - Appellant.

**No. 18-6875**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN DUANE WILLIAMS, a/k/a Lucci,

Defendant - Appellant.

No. 18-6915

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS RAY DAVIS, JR., a/k/a Dee,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:17-cr-00196-TSE-1; 1:17-cr-00196-TSE-2)

Submitted: June 28, 2019                                    Decided: July 17, 2019

Before WYNN and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Vernida R. Chaney, CHANEY LAW FIRM PLLC, Fairfax, Virginia; Meredith M. Ralls, S&R LAW FIRM PLLC, Fairfax, Virginia, for Appellants. G. Zachary Terwilliger, United States Attorney, Maureen C. Cain, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Following a six-day trial, a jury convicted Ivan Duane Williams and Dennis Ray Davis Jr. ("Defendants") of conspiracy to commit sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. §§ 1591(a)(1), 1594(c) (2012), and three counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1). The district court sentenced each of the Defendants to 312 months in prison and ordered joint and several restitution of $119,300. The Defendants timely appealed and raise six issues on appeal. We affirm.

First, Defendants contend that the district court abused its discretion in admitting evidence of Davis' Maryland conviction for receiving proceeds from prostitution. We review the admission of prior convictions pursuant to Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Hall*, 858 F.3d 254, 264 (4th Cir. 2017). "A district court abuses its discretion if it relies on an error of law or a clearly erroneous factual finding." *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 912 F.3d 731, 735 (4th Cir. 2019) (internal quotation marks omitted).

If a prior conviction "concerns acts intrinsic to the alleged crime[,]" then Fed. R. Evid. 404(b) is not implicated. *United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013) (internal quotation marks omitted). Evidence that "serve[s] to complete the story of the crime on trial do[es] not qualify as evidence of other crimes subject to scrutiny under Rule 404(b)." *United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (internal quotation marks omitted). "Evidence is intrinsic if it is necessary to provide context

3

relevant to the criminal charges." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in admitting evidence of Davis' prior conviction as intrinsic to the charged conspiracy. This evidence was necessary to complete the story of the Defendants' culpability and their relationship with co-conspirator Rebecca Hamilton.

Second, the Defendants argue that the district court abused its discretion in denying their motions to sever.[1] A district court may sever a joint trial "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). We review the denial of a motion to sever for abuse of discretion. *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855, 1581 (2019). "In general, defendants who are indicted together are tried together." *Id.*

> When defendants are properly charged together, a district court should grant severance under Federal Rule of Criminal Procedure 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

*United States v. Qazah*, 810 F.3d 879, 891 (4th Cir. 2015) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "Defendants must show clear prejudice arising from a

---

[1] The Defendants' arguments in their brief concern only Williams' motion to sever. Accordingly, Davis has waived any argument as to the denial of his motion to sever. *See United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018).

4

joint trial to establish an entitlement to reversal of their convictions." *Zelaya*, 908 F.3d at 929.

We conclude that Williams has failed to demonstrate clear prejudice resulting from a joint trial warranting reversal of his conviction. He argues that the evidence implicated Davis and the coconspirators, but not him. We are not persuaded. The Government introduced a plethora of evidence—six days of testimony and over 200 exhibits—that implicated Williams as a ringleader of the trafficking activity in this case. Accordingly, the district court did not abuse its discretion.

Third, Defendants assert that the district court impermissibly blocked proper cross examination of a law enforcement witness. At trial, Davis' counsel sought to cross examine the witness about statements made in a search warrant affidavit. Davis' counsel alleged that the witness lied in the affidavit, but the court had not adjudicated the merits of this claim. The district court blocked this line of cross examination as irrelevant.[2]

We review a district court's ruling on the admissibility of evidence for abuse of discretion. *Zelaya*, 908 F.3d at 928. "Trial courts have wide latitude to place limitations upon the cross-examination of witnesses . . . based on concerns including harassment, prejudice, confusion of the issues, repetition, or marginal relevance." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (internal quotation marks omitted). We "rarely reverse relevancy decisions because they are fundamentally a matter of trial

---

[2] Williams did not object at trial as to this issue and did not join Davis' counsel in this argument. Accordingly, he has not preserved this issue for our review. *See Padilla v. Troxell*, 850 F.3d 168, 178 (4th Cir. 2017).

5

management." *Id.* (internal quotation marks omitted). Nonetheless, "[t]he trial court's discretion is not absolute, and it may not foreclose a legitimate inquiry into a witness's credibility." *United States v. Leake,* 642 F.2d 715, 718 (4th Cir. 1981). But even if a reviewing court finds that a trial court abused its discretion in limiting cross-examination, remedy does not issue if, "assuming that the damaging potential of cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). "Whether an error is harmless" depends upon, *inter alia*, "the importance of the witness' testimony," "the presence or absence of evidence corroborating" the testimony, and "the overall strength of the prosecution's case." *Id*.

We need not reach a conclusion as to whether the district court abused its discretion in this instance. Even if the district court erred in limiting this line of cross-examination, the error was harmless. The damaging potential of the cross-examination, fully realized, was likely small: the Government did not seek to introduce evidence related to this search warrant, the court had not adjudicated the veracity of the statements in the affidavit, and Counsel's assertions involved substantial speculation. Moreover, the Government's case in no way depended upon Agent Skelton's testimony—aspects of which were corroborated by other witnesses and evidence.

Fourth, the Defendants contend that there was insufficient evidence, and the district court should have granted their motions for acquittal or for a new trial. We review the denial of a motion for judgment of acquittal de novo. *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019). In this analysis, "a reviewing court views the

6

evidence in the light most favorable to the prosecution and decides whether substantial evidence—that is, evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt— supports the verdict." *Id.* (internal quotation marks omitted). In evaluating the sufficiency of evidence, "we don't consider the credibility of witnesses and must assume the jury resolved all contradictions in testimony in the government's favor." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018).

We review the denial of a motion for a new trial for abuse of discretion. *United States v. Wolf*, 860 F.3d 175, 189 (4th Cir. 2017) (internal quotation marks omitted). Pursuant to Fed. R. Crim. P. 33(a), a district court may grant a new trial "if the interest of justice so requires." "A trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." *Burfoot*, 899 F.3d at 340 (internal quotation marks omitted).

Defendants extensively argue that the Government's witnesses were not credible, but we do not review the jury's credibility determinations. We agree with the district court that the Government introduced a "mountain of evidence" over the six-day trial. We conclude that there was ample evidence from which the jury could find beyond a reasonable doubt that the Defendants committed the charged crimes, and this is not the rare case in which the evidence weighs heavily against the verdict.

Fifth, the Defendants argue that the district court improperly applied four sentencing enhancements in the calculation of their Sentencing Guidelines ranges and

7

that their sentences are unfairly disparate from those of their co-conspirators. We review sentences for procedural and substantive reasonableness "'under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing procedural reasonableness, "we first consider whether the sentencing court procedurally erred by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (internal quotation marks omitted). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "Under the clear error standard, we will only reverse if 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Savage*, 885 F.3d 212, 225 (4th Cir.) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985)), *cert. denied*, 139 S. Ct. 238 (2018).

"A sentencing court must impose a sentence sufficient, but not greater than necessary, to serve the purposes of the Guidelines and factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). "In evaluating substantive reasonableness, we look to the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in Section 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). Sentences

that are within or below the properly calculated Guidelines range are presumptively substantively reasonable. *Zelaya*, 908 F.3d at 930.

Defendants argue that the district court erred in applying the four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a) (2016) for being an organizer or leader of a criminal activity involving five or more participants because there were only four participants. Williams also contends that he was not an organizer or leader because Hamilton, Davis, and Chelsea Canterbury operated the trafficking ring. This enhancement "is warranted when a defendant was a manager or supervisor of one or more other participants. Therefore, an adjustment under § 3B1.1 is proper only if it was demonstrated that the defendant was an organizer, leader, manager, or supervisor of *people*." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013) (internal citations and quotation marks omitted). "A participant is a person who is criminally responsible for the commission of the offense, but need not have been convicted." USSG § 3B1.1 cmt. n.1. Our review of the record leads us to conclude that the district court properly applied this enhancement, as there was abundant evidence that the Defendants were leaders or managers of a sex trafficking ring involving five or more participants.

The Defendants assert that the district court erred in applying a two-level enhancement pursuant to USSG § 2G1.3(b)(2) for unduly influencing a minor because this double counted the base offense level. This enhancement applies when "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." USSG § 2G1.3(b)(2)(B). In determining whether this enhancement applies, a "court should closely consider the facts of the case to determine whether a participant's influence of the

9

minor compromised the voluntariness of the minor's behavior." USSG § 2G1.3 cmt. n.3(B). Additionally, there is a rebuttable presumption that the enhancement applies where the participant is at least ten years older than the minor. *Id.*

We conclude that the district court correctly applied the enhancement to Williams because he is ten years older than the minors, and he did not rebut the presumption of undue influence. The district court correctly applied the enhancement to Davis because there was ample evidence that Davis compromised the voluntariness of the minor girls' behavior. The evidence established that the Defendants told the victims they would take care of them, but also exhibited violence when the victims or Hamilton did not follow their rules. This enhancement does not double count the conduct involved in the base offense, because the district court could reasonably determine that the enhancement "serve[s] a unique purpose," under the Guidelines, reflecting behavior not fully encompassed by the base offense. *United States v. Smith*, 719 F.3d 1120, 1125 (9th Cir. 2013) (holding that precedent "squarely forecloses" the claim that an enhancement for undue influence under USSG § 2G1.3(b)(2) double-counts the offensive conduct of trafficking under 18 U.S.C. §1591(b)(1)).

Williams argues that the district court erred in applying a two-level enhancement pursuant to USSG § 2G1.3(b)(4) because the offense involved the commission of a sex act. He asserts that the enhancement double counts the base offense level and that he did not commit a sexual act with a minor. This enhancement does not double count the base offense level conduct, because "a conviction for sex trafficking of minors under 18 U.S.C. § 1591 does not require that the victim actually commit a sex act." *United States*

10

*v. Hornbuckle,* 784 F.3d 549, 553 (9th Cir. 2015) (noting that every appellate court to consider double counting argument has rejected it). Moreover, the evidence clearly supported this enhancement.

Defendants argue that the district court erred in applying a five-level enhancement pursuant to USSG § 4B1.5(b)(1) for engaging in a pattern of conduct because this enhancement applies only to repeat offenders and specified child pornography crimes. This enhancement applies when a defendant is convicted of a sex crime, which includes 18 U.S.C. § 1591, and "engaged in a pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b). A defendant "engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor," and the conduct can occur during the instant offense. USSG § 4B1.5 cmt. n.4(B). "Prohibited sexual conduct" includes a violation of 18 U.S.C. § 1591. 18 U.S.C. § 2426(b)(1)(A) (2012), USSG § 4B1.5 cmt. n.4(A). The evidence established that the Defendants engaged in multiple acts of prohibited sexual conduct with all three minor girls because they trafficked these girls repeatedly over the life of the trafficking ring. Accordingly, we conclude that the district court did not err in applying this enhancement.

Defendants argue that the district court created an unwarranted disparity between their sentences and those imposed on Hamilton and Canterbury. District courts should avoid unwarranted sentencing disparities "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (2012). Here, the district court correctly determined that the Defendants and the coconspirators did not

11

have similar records because, among other reasons, the coconspirators were less culpable than the Defendants. As the district court noted, the Defendants were the masterminds of the trafficking ring, and Hamilton and Canterbury worked at their behest. Accordingly, the district court did not create an unwarranted disparity and the Defendants' sentences are procedurally reasonable. We also conclude that Defendants' below-Guidelines sentences are presumptively substantively reasonable, and the Defendants have not rebutted this presumption.

Finally, Defendants argue that the district court erred in calculating the amount of restitution due to the minor victims. We review a restitution order for abuse of discretion. *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018). Because federal courts must rely on statutory authority to order restitution, "discretion in ordering restitution is circumscribed by the procedural and substantive protections of the statute authorizing restitution." *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017) (internal brackets and quotation marks omitted). We review legal issues concerning the interpretation of a restitution statute de novo. *United States v. Ocasio*, 750 F.3d 399, 412 (4th Cir. 2014). The Government must establish an appropriate amount of restitution by a preponderance of the evidence. *Steele*, 897 F.3d at 614 n.5.

Restitution is mandatory in this case pursuant to the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1593. The victim should be compensated for the full amount of losses, which includes "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18

U.S.C. § 1593(a)(3). The amount of restitution need not "be proven with exactitude." *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012).

The district court properly calculated restitution in this case. The Defendants argue that the district court should have calculated restitution pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219 (2012), using the minimum wage rate, but the TVPA requires courts to compensate victims at the greater of the wages guaranteed by the FLSA or the "gross income or value to the defendant of the victim's services or labor." 18 U.S.C. § 1593(a)(3). Furthermore, we conclude that the district court's approximation of the value to the Defendants was based on reasonable evidence.

We therefore affirm the district court's judgments. We deny Davis' motion to appoint new counsel and counsel's motion to withdraw from representation.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Although Davis takes issue with his counsel's collaboration with Williams' counsel in preparing the joint brief, such cooperation is required when, as here, a joint brief is required due to the consolidation of the appeals. *See* 4th Cir. R. 28(a), (d).